NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| BLESSING ADELEKE, | |
| Petitioner | Civ. No. 23-3602 (RMB) |
| v. | **OPINION** |
| WARDEN, FCI FORT DIX, | |
| Respondent | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Blessing Adeleke, a prisoner confined in the Federal Correctional Facility in Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner seeks an order directing Respondent to apply three-and-a-half months jail credit against his sentence, as ordered by his sentencing court. (Pet., Docket No. 1.) Petitioner alleges that exhaustion of this claim through the Bureau of Prisons' administrative remedy program is futile because he could be released from prison before he is able to complete the exhaustion process. (Petr's Mem., Dkt. No. 1-1.)

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted). Petitioner admits that he never formally appealed his request for application of jail credit. (Pet., Dkt. No. 1 at 2.) Relevant here, exhaustion of administrative remedies facilitates judicial review by "allowing the appropriate agency to develop a factual record and apply its expertise" and preserves judicial resources if the agency is able to grant the relief requested. *Moscato*, 98 F.3d at 761. Therefore, this Court will dismiss the petition without prejudice for failure to exhaust administrative remedies. *See Lindsay v. Williamson*, 271 F. App'x 158, 160 (3d Cir. 2008) ("the absence of a requirement to specifically plead exhaustion does not bar a *sua sponte* dismissal where a concession on the face of a petition exposes a bar to suit.") (citation omitted)).

An appropriate order follows.

**Dated:   December 28, 2023**

                                           s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**